UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY VERZOLA,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendants. | C14-1334TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's objections, docket no. 24, to the Report and Recommendation (R&R) of Magistrate Judge James P. Donohue, docket no. 20. Having considered the R&R, all of the materials submitted in support of and opposition to the R&R, and the administrative record, the Court adopts Magistrate Judge Donohue's R&R and affirms the decision of the Commissioner of Social Security.

**Background**

Plaintiff, Anthony Verzola, has a high school diploma, Administrative Record (AR) 41, and past employment that includes work as a warehouse laborer, AR 449. Plaintiff was gainfully employed until November 2010. AR 449. In June 2011, plaintiff

ORDER - 1

filed for Supplemental Security Income and Disability Insurance Benefits, claiming that he had been disabled due to post-traumatic stress disorder (PTSD), back and neck conditions, anxiety, and depression dating back to November 22, 2010.  AR 229, 235.

Defendant, Carolyn Colvin, Acting Commissioner of Social Security (the "Commissioner"), denied plaintiff's claims, AR 152–60, and subsequently his request for reconsideration, AR 162–75.  In December 2012, an Administrative Law Judge (ALJ) conducted a hearing on plaintiff's claims.  AR 34–82.  In March 2013, the ALJ denied plaintiff's claims, finding that he was not disabled and that he could perform jobs that existed in significant numbers in the economy.  AR 13–28.

In August 2014, plaintiff appealed this decision to the district court.  Compl. (docket no. 1).  In March 2015, Magistrate Judge Donohue issued an R&R recommending that the Court affirm the Commissioner's decision to deny plaintiff's claims for benefits.  R&R (docket no. 20).  In April 2015, plaintiff filed objections to the R&R arguing that the magistrate judge failed to properly evaluate the findings of the ALJ regarding the opinions of several physicians.  Objections (docket no. 24) at 2.

**Discussion**

    **A.  Standard of Review**

A court's review of a decision reached through application of the five-step process is limited to assessing whether the Commissioner's denial of benefits is free of legal error and based on factual findings that are supported by substantial evidence.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *see also* 42 U.S.C. § 405(g).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such

ORDER - 2

Case 2:14-cv-01334-TSZ   Document 26   Filed 05/13/15   Page 3 of 7

relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). While the Court must consider "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998), if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court reviews portions of the R&R to which objections have been raised *de novo*. 28 U.S.C. § 636(b)(1). All other portions of the R&R to which no objection has been made is reviewed under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C.A. § 636(b)(1)(A); *see also McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**B.  Dr. Karen Ni**

Plaintiff contends that the magistrate judge erred in finding that the ALJ correctly evaluated the opinion of Dr. Karen Ni. Upon examining plaintiff in November 2011, but without reviewing plaintiff's mental-health or psychological records, Dr. Ni opined that plaintiff could not work for at least a year and that "he seemed quite fearful of returning to a work or any public environment." AR 721. The ALJ gave "[l]ittle to no weight" to this opinion because it was not based on plaintiff's longitudinal record and was based on plaintiff's subjective accounts of his symptoms, which were deemed not credible. AR 25.

The R&R found that the ALJ did not err in evaluating Dr. Ni's opinion for the following reasons: (1) Dr. Ni's limited perspective on plaintiff's condition by virtue of

having failed to review plaintiff's longitudinal record was a valid reason to give it less weight; (2) the ALJ properly observed that Dr. Ni's opinion was inconsistent with other evidence in the record; and (3) plaintiff's argument that Dr. Ni's opinion was based on her own observations in addition to plaintiff's subjective reporting was unsupported.

Plaintiff's objections to these findings are without merit.  First, plaintiff argues that the Court should hold that the magistrate judge erred in finding that the ALJ properly discounted Dr. Ni's opinion due to the fact that the ALJ had not reviewed the whole of plaintiff's longitudinal record.  Plaintiff himself acknowledges, "Dr. Ni did not review all of the evidence in this case[.]"  Objections (docket no. 24) at 4 (emphasis original).  As the R&R notes, an ALJ may give less weight to an opinion that was reached based on a single isolated examination rather than a full review of claimant's longitudinal record.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  Second, a review of the record shows that the ALJ correctly observed that Dr. Ni's opinion was contradicted by the opinion of Dr. Victoria McDuffee, who found that plaintiff's mental health history did not support the finding that his symptoms were debilitating and that plaintiff may have been exaggerating the severity of his anxiety.  *See* AR 693–94.  Finally, the magistrate judge correctly concluded that the ALJ properly discounted Dr. Ni's opinion because it was primarily based on plaintiff's non-credible subjective reports rather than on her own observations.  As the R&R points out, Dr. Ni's evaluation primarily reiterates plaintiff's statements and makes no reference to objective clinical findings or evidence.  *See* AR 718–21.  Accordingly, the ALJ gave specific and legitimate reasons for giving Dr. Ni's opinion less weight that were supported by substantial evidence.  *See  Bray v. Comm'r of Soc.*

ORDER - 4

*Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

**C.  Dr. Wayne Dees**

Plaintiff argues that the magistrate judge incorrectly found that the ALJ properly evaluated the opinion of Dr. Wayne Dees.  Dr. Dees examined plaintiff in February 2012 and gave the opinion that he would be unable to work in a competitive environment with others and would have difficulty completing complex tasks due to his mental health conditions, including PTSD, depression, anxiety, and chronic pain.  AR 790.  The ALJ gave little weight to this opinion because: (1) Dr. Dees has not observed symptoms of PTSD, irritability, or agitation during his examination of plaintiff; (2) Dr. Dees' opinion was undermined by plaintiff's mental status exam, during which he was able to perform complex tasks; (3) Dr. Dees had not reviewed plaintiff's longitudinal record and was ignorant of pertinent information regarding plaintiff's record; and (4) Dr. Dees relied heavily on plaintiff's non-credible subjective statements rather than objective findings.  AR 26.

Plaintiff's arguments with regard to Dr. Dees lack merit.  First, the ALJ was correct to discount Dr. Dees' opinion because it was unsupported and internally inconsistent.  *See Bayliss v. Barnhart*, 427 F.3d 1121, 1216 (9th Cir. 2005) (holding that an ALJ may properly reject a physician's opinion when it is contradicted by that physician's own notes or observations).  As the R&R points out, Dr. Dees, in essence, provided no basis for drawing his conclusions.  Further, while Dr. Dees opined that plaintiff would "likely have difficulty with more complex tasks," AR 790, the mental status exam he performed on plaintiff showed the opposite, AR 791.  Second, Dr. Dees'

ORDER - 5

opinion was worthy of less weight because Dr. Dees had not reviewed plaintiff's longitudinal medical record and was accordingly not aware that plaintiff had previously been gainfully employed while suffering from depression and anxiety.  Third, plaintiff admits that Dr. Dees did not observe symptoms of PTSD, irritability, or agitation. Rather, as the R&R notes, Dr. Dees' opinion was primarily based on plaintiff's non-credible subjective statements.  *See* AR 790–91.  Therefore, the R&R properly held that the ALJ did not err in discounting Dr. Dees opinion to the extent it was based on plaintiff's subjective statements, which had been deemed non-credible.  *See Bray*, 554 F.3d at 1228.  For these reasons, the ALJ gave specific and legitimate reasons for affording less weight to Dr. Dees' opinion that were supported by substantial evidence.

### D.  Drs. James Bailey and Renee Eisenhauer

Drs. James Bailey and Renee Eisenhauer, state agency psychological consultants, opined that plaintiff could "understand and carry out work instructions if not distracted by others."  AR 96, 129.  The ALJ gave this opinion significant weight and understood it to mean that plaintiff could "perform simple tasks at work with some contact with others."  AR 26–27.  The ALJ found that in light of this assessment, plaintiff required "minimal contact" with supervisors and coworkers, and he could work "in proximity to coworkers, but not in a cooperative or team effort."  AR 19.  Before the magistrate judge, plaintiff argued that the ALJ's assessment is not consistent with this opinion.  The magistrate judge acknowledged that the statement from Drs. Bailey and Eisenhauer was open to several interpretations, but that the ALJ's interpretation was a reasonable one and therefore must be upheld.  *See* R&R (docket no. 20) at 12 (citing *Morgan v. Comm'r of*

ORDER - 6

*Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

Plaintiff makes that same argument here.  This argument is misguided.  That plaintiff disagrees with the ALJ's interpretation of this statement does not make it unreasonable.  As the R&R found, the ALJ's interpretation was reasonable, and will accordingly not be disturbed.  *See Morgan*, 169 F.3d at 599.

**Conclusion**

For the foregoing reasons, the Court ADOPTS Magistrate Judge Donohue's Report and Recommendation, docket no. 20, AFFIRMS the decision of the Commissioner, and DISMISSES plaintiff's case with prejudice.

Dated this 13th day of May, 2015.

Thomas S. Zilly
United States District Judge

ORDER - 7